UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE DAVILA,

                Plaintiff,

-against-

HON. MARIA ARIAS, et al.,

                Defendants.

24-CV-2678 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who resides in Brooklyn, New York, brings this *pro se* action asserting claims arising out a child custody matter that led to the filing of a neglect petition in Queens County Family Court.[1] Plaintiff names as defendants: (1) the Honorable Maria Arias, a judge for the Queens County Family Court; (2) Peter Hart, an attorney representing Plaintiff's child; (4) Jessica Amy Page, an attorney employed by New York City Administration for Children's Services (ACS); and (5) Garline Octobre, Plaintiff attorney. For the following reasons, the Court transfers this action, under 28 U.S.C. § 1404(a), to the United States District Court for the Eastern District of New York.

## DISCUSSION

    Under 28 U.S.C. § 1391(b), unless otherwise provided by law, a federal civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim

---

[1] Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, a court submission that refers to a minor child may only do so by using the initials of the minor child's name. *See* Fed. R. Civ. P. 5.2(a)(3). Because the complaint reveals the full name of Plaintiff's minor child, in an abundance of caution, the Clerk of Court has restricted electronic access to it to a "case participant-only" basis.

occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(2). Under Section 1391(c), a "natural person" resides in the federal judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any federal judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

Because Plaintiff does not specify where any of the defendants reside, it is unclear whether this court is a proper venue for this action under Section 1391(b)(1).[2] Even if the Court were to assume that all of the defendants reside within the State of New York and that at least one of them resides within this judicial district, making venue for this action proper in this court under Section 1391(b)(1), it appears that most of events giving rise to Plaintiff's claims concern the neglect petition pending in the Queens County Family Court, which lies within the Eastern District of New York, *see* 28 U.S.C. § 112(c).[3] Because it appears that the events giving rise to Plaintiff's claims largely occurred in Queens County, the Eastern District of New York is also a proper venue for this action under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if an action is filed in a jurisdiction where venue is proper, a court may transfer the action to any other federal district court where it might have been

---

[2] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b).

[3] The Eastern District of New York is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn); (2) Queens (New York City Borough of Queens); (3) Richmond (New York City Borough of Staten Island); (4) Nassau; and (5) Suffolk. § 112(c).

2

brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action. Plaintiff resides in Brooklyn, Kings County, which is located in the Eastern District of New York, and the underlying events giving rise to his claims appear to have occurred largely in Queens County, which is also in the Eastern District of New York. Thus, it is reasonable to expect that all relevant documents and witnesses would also be located in that federal judicial district. The United States District Court for the Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the

transferee court. Summonses shall not issue from this Court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 10, 2024
          New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                    Chief United States District Judge