UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JOSE DAVILA,   **MEMORANDUM AND ORDER**
   24-CV-02904 (NRM) (LB)
          Plaintiff,

   -against-

HON. MARIA ARIAS; PETER HART;
JESSICA AMY PAGE; GARLINE OCTOBRE,

          Defendants.
-------------------------------------------------------------x
NINA R. MORRISON, United States District Judge:

*Pro se* plaintiff Jose Davila filed the instant action in the United States District Court for the Southern District of New York asserting claims arising out of a child custody matter. The Southern District transferred the action to this Court by Order dated April 10, 2024. Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the action is dismissed.

## BACKGROUND

Plaintiff names as defendants: (1) the Honorable Maria Arias, a judge for the Queens County Family Court; (2) Peter Hart, an attorney representing plaintiff's child; (4) Jessica Amy Page, an attorney employed by New York City Administration for Children's Services ("ACS"); and (5) Garline Octobre, Plaintiff's attorney. Plaintiff alleges that Jessica Page put his child in danger by putting his child in the child's mother's care and that Page made misrepresentations concerning ACS's efforts to contact Plaintiff. *See* Compl. at 5, Dkt No. 1. Plaintiff further asserts that Peter Hart is not in regular contact with Plaintiff's child and is not responsive to the concerns Plaintiff has expressed to Hart about his child. *Id.* Further, Plaintiff contends that Garline Octobre's representation of Plaintiff has been ineffective, and that Judge Arias is endangering

Plaintiff's child by allowing his child to reside with the child's mother and refusing to grant Plaintiff custody. *Id.* at 5–6. For relief, Plaintiff seeks full custody of his child.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal* 556 U.S. at 678. It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read a plaintiff's *pro se* complaint liberally and interpret it, raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

**DISCUSSION**

The domestic-relations abstention doctrine requires federal courts to abstain from interfering in state cases raising family law or domestic relations issues. *American Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990); *Deem v. DiMella-Deem*, 941 F.3d 618, 623 (2d Cir. 2019); *Blair v. Iliou*, No. 24-CV-126, 2024 WL 1532257, at *1 (E.D.N.Y. Apr. 8, 2024). To award custody of the child to Plaintiff or to enjoin the state court orders, as Plaintiff requests, the Court would be required to re-examine the family court decisions. The claims for which Plaintiff seeks relief, regardless of how he attempts to frame them, arise from a dispute concerning the custody of his child, and thus, his claims fall within the ambit of the domestic relations abstention doctrine. *See, e.g., Gee-Shepherd v. Gromova*, No. 24-cv-000654, 2024 WL 1652537, at *2 (E.D.N.Y. Apr. 16, 2024) ("To the extent that the plaintiff is dissatisfied with the current custody agreement or contends that the defendant has violated the custody agreement, his remedy lies with the Family Court"); *Stroutsovsky v. Brik*, No. 23-cv-9364, 2024 WL 760847, at *2 (E.D.N.Y. Jan. 18, 2024) (noting that the Court lacks subject matter jurisdiction over the underlying custody and visitation action); *Hirsch v. Kairey*, No. 22-cv-6716, 2023 WL 4902749, at *3 (E.D.N.Y. Aug. 1, 2023) (noting that plaintiff's claims are barred under the domestic relations abstention doctrine); *Reeves v. Reeves*, No. 22-CV-2544, 2022 WL 1125267, at *1 (S.D.N.Y. Apr. 14, 2022) (noting that there is no obstacle to the full and fair determination of the parties' child custody dispute in Family Court).

The Court has considered whether to grant Plaintiff leave to amend the complaint but denies it as futile because there is a "substantive" problem with [his] suit such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see Dyer v. Edwin Gould Foster Care Agency*, No. 19-CV-0531, 2019 WL 442150, at *2 (E.D.N.Y. Feb. 4, 2019) (denying

leave to amend because "plaintiff's claims are strictly about state court matters, and amending the complaint would not cure that defect"). Because the domestic relations abstention doctrine precludes this Court's exercise of jurisdiction, any attempt to amend the complaint would be futile. *See, e.g., Deem*, 941 F.3d 618, 621 (affirming, on domestic relations abstention grounds, the district court's dismissal of *pro se* plaintiff's complaint without leave to amend).

## CONCLUSION

Accordingly, it is hereby ordered that the Complaint, filed *in forma pauperis*, is dismissed without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B). Any state law claims are dismissed without prejudice.

The Clerk of Court is directed to enter judgment and mail a copy of this Order and the judgment to plaintiff.

The Court certifies, pursuant to 28 U.S.C. § 1915 (a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

                                                            */s/NRM*
                                          NINA R. MORRISON
                                          United States District Judge

Dated: October 28, 2024
       Brooklyn, New York